UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENELLE MARY GENOVA FABI,

     Plaintiff,

v.                                     Case No:   8:15-cv-330-T-MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## OPINION AND ORDER

This cause is before the Court on Plaintiff Jenelle Mary Genova Fabi's Complaint (Doc. 1) filed on February 18, 2015.  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits, and supplemental security income.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is **reversed and remanded** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.      Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

**A.      Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any

other substantial gainful activity that exists in the national economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.  Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B.    Procedural History

On November 2, 2012, Plaintiff filed an application for disability insurance benefits, and on November 27, 2012, Plaintiff filed an application for supplemental security income asserting an onset date of September 24, 2012.  (Tr. at 147, 148, 262).  Plaintiff's applications were denied initially on January 25, 2013, and on reconsideration on March 15, 2013.  (Tr. at 147, 148, 172, 173).  A hearing was held before Administrative Law Judge ("ALJ") James P. Alderisio on September 23, 2013.  (Tr. at 103-28).  The ALJ issued an unfavorable decision on March 14, 2014.  (Tr. at 84-97).  The ALJ found Plaintiff not to be under a disability from September 24, 2012, through the date of the decision.  (Tr. at 97).

On December 17, 2014, the Appeals Council denied Plaintiff's request for review.  (Tr. at 1-6).  Plaintiff filed a Complaint (Doc. 1) in the United States District Court on February 18, 2015.  This case is ripe for review.  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (*See* Doc. 17).

### C.  Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled.  *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1]  An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after

whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).  The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five.  *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2016.  (Tr. at 86).  At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 24, 2012, the alleged onset date.  (Tr. at 86).  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: chronic heart failure with left ventricular hypertrophy; high blood pressure; chronic kidney disease, stage IV; and obesity.  (Tr. at 86).  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  (Tr. at 88).  At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work, except that Plaintiff "can never climb ladders, ropes, scaffolds, ramps, or stairs; she can have no exposure to hazardous machinery; she cannot perform any driving jobs; she must have the ability to elevate her feet, not above 90 degrees, twice per day for 10 to 15 minutes each time."  (Tr. at 89).  The ALJ determined that Plaintiff was not capable of

---

January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

performing any of her past relevant work.  (Tr. at 96).  The ALJ found that based on Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (Tr. at 96).  The ALJ concluded that Plaintiff was not under a disability from September 24, 2012, through the date of the decision.  (Tr. at 97).

### D.  Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. §405(g).  Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); and *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II.      Analysis

On appeal, Plaintiff raises two issues.  As stated by Plaintiff, they are:  (1) the ALJ did not properly consider Ms. Fabi's inability to pay for medication; and (2) the ALJ did not properly evaluate the opinion of the treating physician in this case.

### A.  Ability to afford medication

Plaintiff argues that the ALJ denied her benefits because he found that her conditions were treatable and could be managed by medications.  Plaintiff contends that the ALJ never addressed the issue of whether Plaintiff could afford her medications, which she could not.  The Commissioner argues that the ALJ did not deny Plaintiff benefits solely on her noncompliance with prescribed medical treatment, and an ALJ is only required to consider treatment affordability when a lack of treatment is the primary basis for an adverse credibility finding.

Plaintiff wrote a letter dated September 11, 2013, relating to her noncompliance with medical treatment.  Plaintiff indicated that she checked out of the hospital against medical advice because of the expense of hospital stays.  (Tr. at 337).  Additionally, Plaintiff was noncompliant with her medications due to the loss of income, denial of medical assistance, and her inability to afford all of her medications.  (Tr. at 337).  Plaintiff claims that she attempted to get assistance for her medications, but was denied assistance because her medical conditions were out of the scope of what the assistance-providers could handle, and these agencies did not have the funding to help her.  (Tr. at 337).

At the hearing, the ALJ stated, "[C]ompliance and non-compliance with finances are an issue in this case."  (Tr. at 108).  In the decision, the ALJ acknowledged that Plaintiff claimed that she could not afford all of her medications.  (Tr. at 90).  The ALJ noted that Plaintiff's medical records show that she was mostly normal on examination, and her conditions were under

5

at least some control "when she was compliant with her medication" but she had a history of non-compliance with her medications. (Tr. at 90). The ALJ reviewed the records of Linda Badillo, M.D. from September 25, 2012, when Plaintiff admitted to noncompliance with therapy by not taking all her medications, and Plaintiff admitted to discontinuing the medications because she felt she did not need them. (Tr. at 91). Plaintiff was admitted to the Morton Plant North Bay Hospital on September 24, 2012, and the ALJ noted that the hospital records reflect that she was non-compliant with her medications, even though she had been repeatedly counseled regarding the importance of compliance with medical care. (Tr. at 92). Citing to various medical records, the ALJ noted that Plaintiff's blood pressure was better controlled and improved when she took her medications, but that she was non-compliant with taking her medication because she ran out of some of them on January 23, 2013, February 27, 2013, June 19, 2013, and August 21, 2013. (Tr. at 91). On April 16, 2013, Plaintiff went to Florida Hospital of North Pinellas complaining of dyspnea and high blood pressure, and the ALJ noted that the hospital records reflect Plaintiff had a long history of non-compliance. (Tr. at 93). The ALJ noted repeatedly throughout the decision that Plaintiff improved when she was compliant with medical treatment, especially when she took all of her medications. (Tr. at 90, 91, 92, 93, 94, 95). The ALJ summarized that that he did not find Plaintiff fully credible because the record reflected that Plaintiff was mostly normal on examination, her medications helped but she was often non-compliant with her medication. (Tr.at 95). The ALJ concluded that when Plaintiff was compliant with treatment, she improved and her condition was fairly stable. (Tr. at 95-96).

The Eleventh Circuit held that "'refusal to follow prescribed medical treatment without a good reason will preclude a finding of disability,'" but "'poverty excuses noncompliance.'" *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (quoting *Dawkins v. Bowen*, 848 F.2d

1211, 1213 (11th Cir. 1988)).  When an ALJ relies on noncompliance with prescribed medical treatment as the "sole ground for the denial of disability benefits," and the record contains evidence that a plaintiff was unable to afford the prescribed medical treatment, then the ALJ must determine whether a plaintiff could afford the prescribed medical treatment.  *Id*.  If a court determines that the failure to follow prescribed medical treatment is not one of the "principal factors in the ALJ's decision," then the ALJ is not required to delve into a plaintiff's ability to pay, and this failure is not reversible error.  *Brown v. Comm'r of Soc. Sec.*, 425 F. App'x 813, 817 (11th Cir. 2011).  If the failure to follow prescribed medical treatment is a substantial factor in an administrative law judge's decision to discredit a plaintiff's credibility, then the ALJ should inquire further as to whether a plaintiff was able to afford the prescribed medical treatment before holding noncompliance against a plaintiff.  *Moffatt v. Comm'r of Soc. Sec.*, No. 8:13-CV-2853-T-36EAJ, 2015 WL 1038014, at *4 (M.D. Fla. Mar. 10, 2015).

The Commissioner argues that the ALJ did not deny Plaintiff benefits solely based on her noncompliance with prescribed medical treatment, but rather, considered her noncompliance in combination with other evidence in the record.  The Commissioner argues that the ALJ is only required to consider treatment affordability when the lack of treatment is the primary basis for an adverse credibility finding.  Moreover, the Commissioner contends that the ALJ gave several reasons for not finding Plaintiff entirely credible, including Plaintiff's mild findings on objective examinations and Plaintiff's extensive daily activities.  Accordingly, the Commissioner concludes that Plaintiff's noncompliance with prescribed medical treatment was only a factor in the ALJ's decision to deny Plaintiff benefits.

At the hearing, the ALJ acknowledged that compliance, noncompliance, and finances were issues in this case.  In the decision, the ALJ concluded that the evidence did not support the

severe functional limitations that Plaintiff alleged.  (Tr. at 95).  The ALJ found that Plaintiff was

not fully credible because her symptoms and restrictions were not supported by objective

medical or nonmedical evidence.  (Tr. at 95).  "In fact, the record reflects that the claimant was

mostly normal on examination; her lungs were clear; she often had no edema; she often reported

no headaches, weakness, nausea, or dizziness; her medication helped; she was often non-

compliant with her medications; she was fairly active; and she had mostly intact activities of

daily living.  Overall, the record shows that when compliant with treatment, the claimant

improved and her conditions were fairly stable/controlled."  (Tr. at 95-96).  The ALJ failed to

make any inquiry into why Plaintiff was noncompliant with the prescribed treatment.  Included

in the record is Plaintiff's letter explaining why she is noncompliant with her medication because

she could not afford them and could not afford stays in the hospital.  Throughout the decision,

the ALJ discusses Plaintiff's noncompliance along with records indicating that when Plaintiff

does receive treatment and medication, her conditions become fairly stable.  Although Plaintiff's

noncompliance with the prescribed medical treatment is not the "sole" reason that the ALJ

denied Plaintiff benefits, it is a substantial reason.  Therefore, the Court finds that the ALJ erred

in failing to inquire into whether Plaintiff was able to afford her prescribed medical treatment

before holding her noncompliance against her.  Therefore, the decision of the ALJ is not

supported by substantial evidence.

### B.  Weight of treating physician

Plaintiff argues that the ALJ erred in failing to afford proper weight to the opinion of

Mahathi Reddy, M.D., Plaintiff's treating physician.  The Commissioner responds that the ALJ

evaluated Dr. Reddy's opinion properly.  The issue of the weight to be afforded Dr. Reddy's

opinion cannot be resolved until it is clear to the Court that the ALJ properly considered

Plaintiff's credibility as it relates to her ability to afford medications and in conjunction with all of the relevant medical evidence in the record.  Because the Court found that, upon remand, the ALJ must reevaluate Plaintiff's credibility taking into consideration her ability to afford medications, and that determination may impact the Court's analysis of the other elements of the ALJ's decision, the Court finds that any ruling on Plaintiff's remaining argument would be premature at this time.

### III.    Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is  not supported by substantial evidence as to Plaintiff's credibility determination as it relates to Plaintiff's ability to afford medications, and upon remand the Commissioner should reevaluate Plaintiff's credibility and should reconsider the weight afforded the medical opinions.

**IT IS HEREBY ORDERED:**

1)    The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's credibility and the weight afforded the medical opinions.

2)    The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

3)    If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

**DONE AND ORDERED** in Fort Myers, Florida on March 2, 2016.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties